1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| EDWARD TURNER, | ) | CV F- 05-1386 REC DLB P |
|  | ) |  |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
|  | ) | WITH LEAVE TO AMEND |
| v. | ) |  |
|  | ) |  |
| D. ADAMS, et.al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

18     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

19 pursuant to 42 U.S.C. sec. 1983.  Pending before the Court is Plaintiff's complaint filed November 2,

20 2005.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

21 § 636(b)(1).

22     The court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

27 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend

28 may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2      Plaintiff names Warden D. Adams and various individuals employed at the California

3  Substance Abuse Treatment Facility ("CSATF").  Plaintiff makes various allegations related to the

4  inadequacy of his medical care at CSATF.  Plaintiff alleges that upon arrival at CSATF on

5  September 1, 2004, he was an inmate with documented disabilities including "blind/impaired" and

6  "mobility/impaired."  He also alleges he had a cane and health services chrono for a lower bunk and

7  mobility-impaired vest.  He alleges that Nurse Wofford recorded the wrong information on his initial

8  screening form and that Dr. Nguyen, Dr. Snow and Dr. Kkyle all issued medications without

9  examining him.  He contends that Dr. Nguyen and Dr. Ferdowsian prescribed Atenolol which caused

10  his heart to stop and Nurse Rupf gave him the wrong medications.  Plaintiff alleges that on May 6,

11  2005, a heart specialist ordered that he receive no more Beta Blockers, however on June 14, 2005,

12  Dr. Nguyen again ordered Atenolol.  Plaintiff also alleges that he went for two or three weeks

13  without his high blood pressure medication.  Plaintiff contends that his requests for medical care go

14  unanswered by the MTA's.  Plaintiff contends that all of the named defendants have committed acts

15  of neglect by not giving him the correct medications and/or giving him wrong medications.

16      Plaintiff's allegations are insufficient to state a cognizable claims against the named

17  defendants.  Plaintiff's allegations are insufficient to determine whether the current action is frivolous

18  or fails to state a claim for relief and the complaint does not contain a short and plain statement as

19  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

20  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

21  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

22  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

23  Plaintiff has failed to do so.  While he makes specific allegations against some defendants, he makes

24  only general statements as to others.  Moreover, plaintiff describes only negligent conduct, which as

25  discussed below, does not rise tot he level of a constitutional violation.  Because plaintiff has failed

26  to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

27  court will, however, grant leave to file an amended complaint to explain the claim in more detail.  In

28

1   doing so, plaintiff should keep in mind the following legal standards:

2   **Medical Care**

3        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

4   punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

5   needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

6   an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

7   "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

8   U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

9   mind," which entails more than mere negligence, but less than conduct undertaken for the very

10  purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

11  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

12  inmate health or safety." Id.

13       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

14  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

15  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

16  v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]

17  complaint that a physician has been negligent in diagnosing or treating a medical condition does not

18  state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

19  not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

20  429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);

21  McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

22  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to

23  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d

24  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not

25  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

26       Deliberate indifference can be manifested by prison guards intentionally denying or delaying

27  access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.

28

1    Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical

2    treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d

3    1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,

4    1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

5    1985).

6          Although neither a physician's negligence nor a prisoner's disagreement with a particular

7    course of treatment states a claim for deliberate indifference, a prison medical staff's acts or

8    omissions will constitute deliberate indifference if staff members knew of and disregarded an

9    excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are

10   deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment

11   once prescribed."  Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate

12   indifference where prison officials "deliberately ignore the express orders of a prisoner's prior

13   physician for reasons unrelated to the medical needs of the prisoner."  Hamilton v. Endell, 981 F.2d

14   1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to

15   endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's

16   previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per

17   curium)(reversing summary judgment where medical staff knew that pretrial detainee had head

18   injury, but prescribed contraindicated medications, disregarding evidence of complications to which

19   they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th

20   Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize

21   prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v.

22   Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior

23   physician was severely delayed, court was unable hold doctors liable because prison administrators,

24   not the doctors, were responsible for scheduling treatment).

25          The Courts of other federal Circuits have also found deliberate indifference where prison

26   officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir.

27   1990)(finding cognizable claim for deliberate indifference where prison officials ignored private

28

1 hospital's treatment orders and refused inmate's access to prescribed medication); <u>Gill v. Mooney</u>,

2 824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit

3 plaintiff to participate in exercise program prescribed by doctor); <u>Eades v. Thompson</u>, 823 F.2d 1055

4 (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel

5 and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders);

6 <u>Martinez v. Mancusi</u>, 443 F.2d 921 (2nd Cir. 1970), <u>cert. denied</u> 401 U.S. 983, <u>cited with approval</u>

7 <u>by Estelle v. Gamble</u>, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced

8 post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should

9 not be moved); <u>see also</u> Carl T. Drechsler, Annotation, <u>Relief Under Federal Civil Rights Acts to</u>

10 <u>State Prisoners Complaining of Denial of Medical Care</u>, 28 A.L.R. Fed. 279 (1976)(recognizing that,

11 on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a

12 prisoner's previous physician).

13 **Supervisory Liability**

14     Supervisory personnel, such as Warden Adams, are generally not liable under section 1983

15 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a

16 named defendant holds a supervisorial position, the causal link between him and the claimed

17 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th

18 Cir. 1979);  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941

19 (1979).  To show a <u>prima facie</u> case of supervisory liability, plaintiff must allege facts indicating that

20 supervisory defendants either: personally participated in the alleged deprivation of constitutional

21 rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a

22 policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving

23 force of the constitutional violation."  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Taylor v.</u>

24 <u>List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

25 **Leave to Amend**

26     In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court

27 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure

28

1   the deficiencies will result in dismissal of this action without leave to amend.

2        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

3   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

4   625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

5   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

6   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

7   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

8   588 F.2d 740, 743 (9th Cir. 1978).

9        In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

10  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This is because, as a  general

12  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

13  (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves

14  any function in the case.  Therefore, in an amended complaint, as in an original complaint, each

15  claim and the involvement of each defendant must be sufficiently alleged.

16        In accordance with the above, IT IS HEREBY ORDERED that:

17            1.  Plaintiff's complaint is dismissed;

18            2.  The Clerk's Office shall send plaintiff a complaint form; and

19            3.  Plaintiff is granted thirty days from the date of service of this order to file an

20  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

21  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

22  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

23  and two copies of the amended complaint; failure to file an amended complaint in accordance with

24  this order will result in dismissal of this action for failure to state a claim and failure to comply with

25  the court's order.

26

27        IT IS SO ORDERED.

28

1    Dated:    **January 18, 2006**                  **/s/ Dennis L. Beck**
      3c0hj8                                    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California                                              7