# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER, | CV F 05-1386 REC DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | [DOC 11] |
| D. ADAMS, et.al. | |
| Defendants. / | |

Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for injunctive relief seeking medical care.  Plaintiff alleges that he is being denied appropriate medical care.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a

bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). In a separate order issued concurrently with this Findings and Recommendations, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed on February 17, 2005, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 18, 2006                    /s/ Dennis L. Beck
3c0hj8                                UNITED STATES MAGISTRATE JUDGE