1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11   EDWARD TURNER,                    )          CV F- 05-1386 REC DLB P
                                       )
12                  Plaintiff,         )          FINDINGS AND
                                       )          RECOMMENDATION RE
13        v.                           )          DISMISSAL OF CERTAIN CLAIMS
                                       )          AND DEFENDANTS
14   D. ADAMS, et.al.,                 )
                                       )
15                  Defendants.        )
     _____ )
16

17

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

19   pursuant to 42 U.S.C. sec. 1983.  Pending before the Court is Plaintiff's amended complaint filed

20   March 17, 2006.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

21   U.S.C. § 636(b)(1).

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

27   U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend

28   may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2        Plaintiff names Warden D. Adams, G. Martinez, K. Nguyen, B. Smith, Ruff, Kyle, Snow,

3   Jimenez and Bowling all employed at the California Substance Abuse Treatment Facility

4   ("CSATF").  Plaintiff makes various allegations related to the inadequacy of his medical care at

5   CSATF.  Plaintiff alleges that Dr. Nguyen was hard to understand and he would get angry at plaintiff

6   and have him removed if he asked questions about his medical care.  Plaintiff alleges that on

7   November 2, 2004, defendant Smith denied his appeal related to his medical issues.  He alleges that

8   the C-Yard Clinic defendants (Ruff, Kyle, Snow and MTA's Jimenez, Wilson and Bowling) all

9   participated in the denial of his medical care on their own shifts.  Plaintiff alleges that defendant Ruff

10  and Smith allowed plaintiff to suffer for weeks without his medication despite having a prescription

11  from his doctor.  Plaintiff contends that all of the named defendants acted intentionally with

12  knowledge of plaintiff's suffering.

13       **Medical Care Claims**

14       As plaintiff was previously advised, a prisoner's claim of inadequate medical care does not

15  constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

16  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate

17  indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation

18  must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994)

19  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

20  "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

21  undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison

22  official does not act in a deliberately indifferent manner unless the official "knows of and disregards

23  an excessive risk to inmate health or safety." Id.

24       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

25  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

26  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton

27  v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]

28  complaint that a physician has been negligent in diagnosing or treating a medical condition does not

1  state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

2  not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

3  429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);

4  McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

5  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to

6  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d

7  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not

8  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

9         Deliberate indifference can be manifested by prison guards intentionally denying or delaying

10  access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.

11  Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical

12  treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d

13  1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,

14  1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

15  1985).

16         Although neither a physician's negligence nor a prisoner's disagreement with a particular

17  course of treatment states a claim for deliberate indifference, a prison medical staff's acts or

18  omissions will constitute deliberate indifference if staff members knew of and disregarded an

19  excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are

20  deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment

21  once prescribed." Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate

22  indifference where prison officials "deliberately ignore the express orders of a prisoner's prior

23  physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d

24  1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to

25  endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's

26  previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per

27  curium)(reversing summary judgment where medical staff knew that pretrial detainee had head

28  injury, but prescribed contraindicated medications, disregarding evidence of complications to which

1   they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th

2   Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize

3   prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v.

4   Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior

5   physician was severely delayed, court was unable hold doctors liable because prison administrators,

6   not the doctors, were responsible for scheduling treatment).

7        The Courts of other federal Circuits have also found deliberate indifference where prison

8   officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir.

9   1990)(finding cognizable claim for deliberate indifference where prison officials ignored private

10  hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney,

11  824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit

12  plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055

13  (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel

14  and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders);

15  Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval

16  by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced

17  post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should

18  not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to

19  State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)(recognizing that,

20  on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a

21  prisoner's previous physician).

22        Plaintiff's allegations are sufficient to state cognizable claims for deliberate indifference to a

23  serious medical need as to defendants Nguyen, Ruff and Smith but not as to the other named

24  defendants.  While plaintiff makes specific allegations against these three defendants, he makes only

25  general statements as to the other named defendants.  As plaintiff was previously advised, although

26  the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

27  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

28  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

1   defendants engaged in that support plaintiff's claim.  Id.  Plaintiff has failed to do so with regard to

2   the other named defendants.

3           **Supervisory Liability**

4           In addition, supervisory personnel, such as Warden Adams, are generally not liable under

5   section 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

6   when a named defendant holds a supervisorial position, the causal link between him and the claimed

7   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

8   Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

9   (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that

10  supervisory defendants either: personally participated in the alleged deprivation of constitutional

11  rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a

12  policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving

13  force of the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v.

14  List, 880 F.2d 1040, 1045 (9th Cir. 1989).  As in his original complaint, plaintiff has failed to allege

15  sufficient facts to state a cognizable claim against Warden Adams.

16  **Conclusion**

17          In summary, the Court finds that plaintiff has alleged sufficient facts to state cognizable

18  claims against defendants Nguyen, Ruff and Smith but not as to the other named defendants.  The

19  Court therefore recommends that this action proceed only as to these defendants and that the

20  remaining defendants be dismissed from this action.  The Court does not recommend that plaintiff be

21  given leave to amend because he was given that option previously and was unable to cure the

22  deficiencies in the complaint.  By separate Order, the court will send plaintiff the USM 285 forms to

23  proceed with service on defendants Nguyen, Ruff and Smith.  Accordingly, it is HEREBY

24  RECOMMENDED that:

25          1.      This action proceed only against defendants Nguyen, Smith and Ruff on plaintiff's

26                  Eighth Amendment claims; and

27          2.      Plaintiff's claims against the remaining defendants be dismissed for failure to state

28                  any claims upon which relief may be granted.

1   These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)

3   days after being served with these Findings and Recommendations, plaintiff may file written

4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7   1153 (9th Cir. 1991).

8       IT IS SO ORDERED.

9   **Dated:**  **February 9, 2007**        **/s/ Dennis L. Beck**

10  3b142a                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California

6