# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TURNER,<br><br>            Plaintiff,<br><br>   v.<br><br>DERRAL G ADAMS et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-01386-LJO DLB PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 42) |

Plaintiff Edward Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint filed March 17, 2006, against Defendants Nguyen, Ruff and Smith ("Defendants") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. On June 2, 2008, Defendants filed a motion for summary judgment. Plaintiff failed to file an opposition or a statement of non-opposition to the motion, in compliance with Local Rule 78-230(m), and on August 11, 2008, the Court ordered Plaintiff to do so within thirty days. Plaintiff failed to comply with the court order and on September 22, 2008, the Court issued a Findings and Recommendations recommending that the action be dismissed for failure to obey a court order. On October 23, 2008, Plaintiff filed an objection to the Findings and Recommendations, indicating that he was awaiting surgery and taking morphine for his pain. The Court vacated the Findings and Recommendations, and granted plaintiff a three month extension of time, up to and including February 12, 2009, to file a response to the motion for summary judgment.

1   The deadline has now expired and Plaintiff has not complied with or otherwise responded to the
2   Court's order.
3       In determining whether to dismiss this action for failure to comply with the directives set
4   forth in its order, "the Court must weigh the following factors:  (1) the public's interest in
5   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public
7   policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th
8   Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).
9       "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
10  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
11  has been pending more than three years.  Plaintiff is obligated to comply with the Local Rules and
12  was informed via court order regarding the need to oppose a motion for summary judgment.  Despite
13  Plaintiff's duty to comply with all applicable rules and despite the previous issuance of the summary
14  judgment notice, the Court again prompted Plaintiff to comply by filing an opposition or a statement
15  of non-opposition, and later granted Plaintiff an additional three months to do so.  The Court's effort
16  was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party
17  ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.
18      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
19  of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the
20  risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's
21  failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the
22  third factor weight in favor of dismissal.
23      As for the availability of lesser sanctions, at this stage in the proceedings there is little
24  available to the Court which would constitute a satisfactory lesser sanction while protecting the
25  Court from further unnecessary expenditure of its scare resources.  Plaintiff is proceeding in forma
26  pauperis in this action, making monetary sanctions of little use, and given this stage of the
27  proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff
28  has ceased litigating his case.

1    Finally, because public policy favors disposition on the merits, this factor usually weighs
2    against dismissal.  Id. at 643.  However, "this factor lends little support to a party whose
3    responsibility it is to move a case toward disposition on the merits but whose conduct impedes
4    progress in that direction," In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
5    1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

6    In summary, Plaintiff filed this action but is no longer prosecuting it.  More than six months
7    have passed since Defendants filed their motion for summary judgment, and Plaintiff has not
8    responded, despite being notified of the requirement to respond via the Court's First Informational
9    Order, the Court's Second Informational Order, and the Court's orders directing him to respond.
10   (Docs. 9, ¶9; Doc. 28; Doc. 38; Doc. 42.)  This Court is buried under a veritable flood of civil cases
11   and simply cannot afford to expend resources resolving an unopposed motion for summary judgment
12   in a case the Plaintiff is no longer prosecuting.  Accordingly, the Court finds that dismissal is the
13   appropriate sanction and HEREBY ORDERS this action dismissed, with prejudice, for failure to
14   prosecute.  This Court directs the clerk to close this action.

17   IT IS SO ORDERED.
18   **Dated:    February 23, 2009**            /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE